## Dupoyster v. Miller, Sr.

(Decided February 27, 1917.)

### Appeal from Ballard Circuit Court.

1. Appeal and Error—Former Appeal—Error in Admission of Evidence.—This court having, upon a former appeal in this case, decided that a certain road, rather than the line described by the calls in the deeds to the parties, was the dividing line between their lands, upon the new trial in the lower court, the only question for decision was, the proper location of the road, and it was error to admit evidence concerning the location of the line described in the deeds.

2. Trial—Peremptory Instruction.—In such case, in the absence of a showing that the road is not now located substantially as when the deeds were made, the defendant's motion for a peremptory instruction should have been sustained.

3. Trial—Erroneous Instructions.—An instruction which allowed the jury to find for appellee according to the line described by the calls in the deeds, although they might believe the road had never been located there, was erroneous, and appellee was entitled to recover only the land extending to the road as it was located at the time the deeds were made.

J. B. WICKLIFFE and H. F. TURNER for appellant.

W. A. ANDERSON and J. E. KANE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is the second appeal of this case, the opinion upon the former appeal being reported in 160 Ky. 780, in which all the facts are fully set out, and in which this court held, that the road described in the proof, and not the line described in the parties' deeds, is the dividing line between the lands of appellant and appellee. The former judgment, fixing the division line as the one described in the deeds, was reversed, and the cause remanded, with directions to adjudge the road the dividing line between the lands of the parties, if located, now, substantially where it was when the deeds were made. Upon the new trial had in the lower court after the cause was remanded, a verdict was rendered and judgment entered thereon again fixing the division line, as described in the deeds.

Appellant complains of this judgment upon four grounds: first, that the court erred in admitting evidence, over his objection and exception, of the location

of the line, as described by the calls in the deeds; second, that the court erred in overruling his motion for a peremptory instruction; third, that the court erred in the instructions given over appellant's objection and exception; and, fourth, because the verdict and judgment were not supported by sufficient evidence and are palpably against the evidence.

Since this court in its former opinion, which is the law of the case, decided that the road, and not the line described in the deeds, is the division line between the lands of the parties, it is manifest, that evidence of the line as described in the deeds was irrelevant and incompetent; and, that its admission was prejudicial to appellant is made clear by the verdict of the jury, that this line, rather than the road, is the division line between the lands of the parties. It was, therefore, prejudicial error to admit this evidence, and the judgment must again be reversed.

2. Appellant introduced twenty-eight witnesses, who testified that the road is now just where it was when the deeds were made, while appellee introduced eighteen witnesses who testified that the road, in some respects, was not exactly as it was at the time the deeds were made; but no one of these witnesses testified that it ever, at any time, was located where the calls in the deeds are now located by Mr. Dodson, the surveyor. In fact, the great weight of the evidence of appellee's witnesses is, that the road, except at two points, is in substantially the same place that it was when the deeds were made. Practically the only evidence of any change, except in widening and ditching the road, is confined to two points, the one, near appellee's stable, and the other at its west end, near the Jones line, and the most that any witness who testified states that the road has been moved, at either of these two points, is that, in the judgment of one of the witnesses, at the point near the west end of the road, it has been moved from forty to sixty feet; but most of the witnesses who testify that it had been moved at all, at this point, state that the side of the road next to appellee had been moved toward his land, in widening and working the road, half of its width. There is absolutely no evidence of any marks or indications of any kind, upon the ground, that the road was ever located at any place except where it now is, and its location is thoroughly and plainly defined, en-

closed by banks, at some places four or five feet deep, and the only evidence whatever of any change is, that, as some witnesses recollect, it formerly was located somewhat north of its present location, but this evidence is not supported by any physical evidence of its location elsewhere than where it is now located, and the whole evidence, to our minds, shows that it is now located substantially where it was when the deeds were made. It, therefore, results, that the verdict of the jury is not only not supported by the evidence, but is palpably and flagrantly against its great weight. While there is some evidence, of slight changes in some parts of the road, there is no evidence of any substantial change in any part of it, and the evidence as a whole proves overwhelmingly that the road is substantially where it always has been, at least since the deeds were made to the parties, and the motion of appellant for a peremptory instruction should have been sustained.

3. Upon the instructions given by the court, over appellant's objection and exception, the jury was authorized to find for appellee, according to the line as described in the deeds, if they believed from the evidence, there had been a substantial change in the road, even though they might believe the road had never been located where the line as described in the deeds was run. This was error, for under the former opinion of this court, appellee was entitled to recover, if at all, only the land extending to the road as it was located at the time the deeds were made. Upon another trial, if the evidence is the same as upon this trial, and appellant again makes a motion for a peremptory instruction, it should be sustained. If, however, there is evidence to carry the case to the jury the instructions should limit appellee's right to recover, to the land extending to the road as the jury may believe from the evidence, it was located when the deeds were made.

The judgment is reversed and cause remanded for proceedings consistent herewith.

Judge Thomas not sitting.